IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                    Criminal No. 1:03CR39-7

VERNON MAXWELL,
        Defendant.

**ORDER/OPINION**

On the 29th day of June 2006, came the defendant, Vernon Maxwell, in person and by his counsel, Natalie Sal, and also came the United States by its Assistant United States Attorney, Shawn Angus Morgan, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on June 15, 2006, alleging Defendant Violated Conditions of his Supervised Release as follows:

1. Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime.

2. Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

On May 26, 2006, the defendant furnished a urine specimen which was confirmed positive for cocaine, morphine and hydromorphone by Scientific Testing Laboratories, Inc. on June 2, 2006 . . . . It is noted that the defendant did have a valid prescription for Dilaudid which will cause a positive test for hydromorphone. Therefore, the Probation Officer does not view the positive hydromorphone result as a violation of supervised release.

3. Violation of Mandatary Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.

4. Violation of Standard Condition No. 7: the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

On June 4, 2006, the defendant furnished d a urine specimen which was confirmed positive for cocaine, morphine and hydromorphone by Scientific Testing

Laboratories, Inc. on June 14, 2006. It is noted that the defendant did have a valid prescription for Dilaudid which will cause a positive test for hydromorphone. Therefore the Probation Officer does not view the positive hydromorphone result as a violation of supervised release.

In addition, The United States Probation Officer stated:

The Probation Officer discussed the positive drug test results from June 2, 2006, with the defendant on June 4, 2006. The defendant adamantly denied any illegal drug use. He stated that he does not have a problem with drugs and he does not need treatment or counseling. On June 12, 2006, the Probation Officer received medical records for the defendant from United Hospital Center. The defendant was admitted to the hospital on April 1, 2006, and was discharged against medical advice on April 11, 2006. The medical records reveal the defendant was diagnosed with septicemia, multiple positive blood cultures, leaving against medical advice, history of drug abuse and non-compliance. The medical records state the defendant was warned of death and/or bacterial infection due to the bacteria in his blood. Dr. Rhodes indicates the defendant denied intravenous drug use "but these organisms are certainly atypical and as far as I am concerned are highly suggestive of active intravenous drug use." Records reveal the defendant's prognosis is extremely guarded. Due to the defendant's non-compliance with recommended treatment for his medical condition, positive drug tests and his denial of any drug abuse, the Probation Officer recommends a warrant be issued and the defendant's supervised release be revoked.

By Order dated June 23, 2006, Chief United States District Judge Irene M. Keeley ordered an arrest warrant be issued for Defendant on the above charges.

Prior to the taking of evidence, Defendant waived the preliminary hearing and conceded probable cause existed to forward this revocation matter to Chief United States District Judge Irene M. Keeley for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or

Summons for Offender Under Supervision filed June 15, 2006.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violation alleged in the Petition for Warrant or Summons for Offender Under Supervision filed June 15, 2006.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings in this matter.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: June 29, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE